UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TCF INVENTORY FINANCE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CCB SERVICES, LLC, MATTHEW EUGENE SHARDY, AND STEPHANIE ANNY SHARDY,<br><br>Defendants. | Case No. 2:21-cv-00029-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Before the Court is Plaintiff TCF Inventory Finance, Inc.'s Motion for Default Judgment Against Defendants (Dkt. 34). After TCF filed this motion, two of the three defendants filed bankruptcy petitions. Afterward, TCF asked the Court to enter a partial final judgment as to the third defendant, CCB Services, LLC. For the reasons explained below, the Court will grant the motion.

## BACKGROUND

Plaintiff TCF Inventory Finance financed CCB Services LLC's inventory, which consisted of boating and dock equipment. CCB Services fell behind on its payments and in August 2020, TCF demanded $17,6240 to cure. CCB Services failed to cure and on September 10, 2020, TCF demanded the entire loan balance

of $201,492.97.

In February 2021, this Court entered a preliminary injunction in TCF's favor. *See Feb. 19, 2921 Preliminary Injunction Order*, Dkt. 26. That order directed CCB Services to turn over possession of the collateral securing the loan to TCF. *Id.* at 9. TCF says it was able to recover "approximately 100 units of Subject Collateral after a three-day process" and that "[t]he manufacturer credited TCFIF $132,251.24" for the collateral. *Edge Dec.*, Dkt. 37, ¶ 22. TCF applied that amount to CCB's account balance, which ultimately left a balance of $27,530.68 as of April 5, 2021. That amount represents principal and interest owing.

The security agreement also provides for an award of attorneys' fees, and within its motion for default judgment, TCF asks the Court for a fee award. TCF reports that it has incurred $34,506 in attorneys' fees, $6,469.19 in other expenses, plus $3,600 for the bond. *Id*. ¶¶ 24-29. TCF asks the Court to enter a final judgment in the amount of $72,078.87.[1]

In April 2021, the Clerk entered the default of all defendants, and later both

---

[1] According to the Court's math, TCF shorted itself by $27.00. The separate amounts they request sum to $72,105.87 – not $72,078.87 – as shown here:

| | |
|---|---|
| Principal | $15,722.75 |
| Interest | $11,807.93 |
| Attorney Fees | $34,506.00 |
| Costs | $ 6,469.19 |
| Bond | $ 3,600.00 |
| TOTAL: | $72,105.87 |

**MEMORANDUM DECISION AND ORDER - 2**

Shardy defendants filed bankruptcy petitions. *See* Dkts. 32, 33, 38; *In re Matthew Shardy,* Case No. 21-20211-NGH (Bankr. D. Idaho); *In re Stephanie Shardy,* Case No. 21-20176-NGH (Bankr. D. Idaho).  Defendant CCB Services, LLC has not filed a bankruptcy petition.

## ANALYSIS

After entry of default by the Clerk of the Court under Federal Rule of Civil Procedure Rule 55(a), the Court has discretion to enter default judgment. *See* Fed. R. Civ. P 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980). The Court considers several factors in deciding whether to grant default judgment, including: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the policy favoring a decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir.1986).

After having considered these factors, plaintiff's papers appear to be in order, and the Court intends to enter a default judgment and the Court does not believe it necessary to conduct a prove-up hearing regarding TCF's request for a default judgment. *See generally* Fed. R. Civ. P. 55(b)(2) ("The court *may* conduct hearings . . . .); *Aldabe,* 616 F.2d at 1092. Similarly, the fee request is in order.

However, the further question the Court must consider is whether to enter

MEMORANDUM DECISION AND ORDER - 3

judgment at this point. Federal Rule of Civil Procedure 54 provides that where there are multiple claims and multiple parties, "the district may direct entry as to one or more, but fewer than all, claims or parties *only if the court expressly determines that there is no just reason for delay*." *See* Fed. R. Civ. P. 54(b). TCF has not explained why the Court should enter judgment now, rather than allowing this lawsuit to run its course, with a complete judgment entered at its conclusion. For that reason alone, the Court could well justify not entering a final judgment at this time.

However, the Court is mindful of its obligation under Rule 1 of the Federal Rules of Civil Procedure, to apply and construe the rules so as to achieve a just, speedy and inexpensive resolution of all disputes.  In this case, that charge suggests that the Court should take a practical look at the posture of this case and bring it to a just, speedy, and inexpensive a resolution as soon as possible.  Here, the two co-defendants have filed bankruptcy, and the Court knows of no reason why their obligation to the TCF will not be discharged. It seems clear then, that at the end of the day TCF's judgment against CCB Services will be the final and only judgment entered in this action.  Therefore, "there is no just reason" to delay entry of partial judgment in favor of TCF.

## ORDER

**IT IS ORDERED that** Plaintiff's Motion for Default Judgment (Dkt. 34) is

**MEMORANDUM DECISION AND ORDER - 4**

**GRANTED.**  The Court will enter judgment separately.

DATED: July 26, 2021

B. Lynn Winmill
U.S. District Court Judge